ams

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|  ) | |
| Plaintiff, ) | |
|  ) | |
| v. ) | Case No. 06-40091-01-JAR |
|  ) | |
| SHERYL L. WILSON, ) | |
|  ) | |
| Defendant. ) | |
|  ) | |

**MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION FOR
RECONSIDERATION**

This matter comes before the Court on defendant's Motion for Reconsideration of Defendant's Motion for an Order to Dissolve Seize and Hold Order (Doc. 28). This Court orally denied defendant's original motion during a hearing on November 6, 2006, finding it does not have jurisdiction to dissolve the seize and hold order at issue, and that there is an adequate remedy at law.[1] Defendant presumably asks the Court to reconsider this ruling.[2]

*Background*

The Indictment charges defendant Sheryl Wilson with thirty-six counts of bank fraud, four counts of access device fraud, and one count of forfeiture. (Doc. 1.) On May 4, 2004, the City of Topeka, through Topeka Police Detective Steve Taylor, obtained a search warrant and a "seize and hold" order from the Shawnee County District Court. The order directed the United Missouri Bank to seize and hold any funds within the bank account that belonged to defendant.

---

[1](Docs. 26–27.)

[2]Defendant styles the motion as one to reconsider her motion. The Court only has the option to reconsider its prior ruling under the applicable standards and does so here.

The bank, thus, seized and held the amount in defendant's bank account, which was $16, 917.43. Defendant filed a motion for replevin in state court on July 12, 2006—the same day the Indictment was filed, seeking return of this money. Then, on August 16, 2006, defendant filed a notice and stipulation of dismissal and the State replevin action was dismissed. In her Motion for Release of Funds (Doc. 16), defendant argued that this Court should release the State seize and hold order because the funds are not traceable to any alleged criminal activity, as the funds are entirely comprised of proceeds from her 401(k) account.

*Discussion*

In this district, motions seeking reconsideration of non-dispositive orders must be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice.[3] Defendant does not identify an intervening change in controlling law, nor the availability of new evidence. Presumably, defendant's motion is based on its alleged need to correct clear error or prevent manifest injustice.

Defendant first urges the Court to recognize that it has jurisdiction over the property at issue here, as K.S.A. § 22-2512(1)[4] provides for concurrent jurisdiction. That section provides:

> (1) Property seized under a search warrant or validly seized without a warrant shall be safely kept by the officer seizing the same unless otherwise directed by the magistrate, and shall be so kept as long as necessary for the purpose of being produced as evidence on any trial. The property seized may not be taken from the officer having it in custody so long as it is or may be required

---

[3] D. Kan. R. 7.3(b).

[4] In her motion, defendant repeatedly points this Court to K.S.A. § 22-3212, a provision on discovery in criminal cases. It appears that defendant is actually referencing § 22-2512, which contains the language that defendant quotes in her motion.

2

> as evidence in any trial. The officer seizing the property shall give
> a receipt to the person detained or arrested particularly describing
> each article of property being held and shall file a copy of such
> receipt with the magistrate before whom the person detained or
> arrested is taken. Where seized property is no longer required as
> evidence in the prosecution of any indictment or information, the
> court which has jurisdiction of such property may transfer the
> same to the jurisdiction of any other court, including courts of
> another state or federal courts, where it is shown to the satisfaction
> of the court that such property is required as evidence in any
> prosecution in such other court.

Defendant argues that because this provision allows the officer to retain custody of property, so long as it "may be required as evidence in any trial," it leaves the question of jurisdiction open. But the end of this provision also states that "[w]here seized property is no longer required as evidence in the prosecution of any indictment or information, the court which has jurisdiction of such property *may* transfer the same to the jurisdiction of any other court, including courts of another state *or federal* courts, where it is shown to the satisfaction of the court that such property is required as evidence in any prosecution in such other court."  It was made clear to the Court at the hearing on this matter that the government does not seek to use these funds as evidence in this case, nor has the government sought to federally restrain these funds.  There is no evidence that this property was ever transferred to this federal jurisdiction and thus, this provision does not further defendant's argument that this Court has jurisdiction to lift the seize and hold order.

Next, defendant reasserts her original position that the Court should lift the seize and hold order pursuant to Fed. R. Crim. P. 41(g).  That rule allows for a motion to return property when a person has been aggrieved by the deprivation of property.  Under this rule, the motion must be "filed in the district where the property was seized."  The rule is considered an equitable

remedy available only to a defendant who can show irreparable harm and an inadequate remedy at law.[5]

Further, Rule 41(g) is only available in limited circumstances to seek return of property seized by state authorities, which include: "actual federal possession of the property forfeited by the state, constructive federal possession where the property was considered evidence in the federal prosecution, or instances where property was seized by state officials acting at the direction of federal authorities in an agency capacity."[6]

Again, there is no evidence that the federal authorities have possession—actual or constructive—of the funds at issue. There is also no indication that this evidence was ever considered potential evidence in this federal prosecution. Federal prosecution alone does not form the basis for constructive possession under clear Tenth Circuit authority.[7] Moreover, the Court did not err in finding that defendant failed to show an inadequate remedy at law. Neither the fact that defendant chose to stipulate to dismissal of her state replevin action[8] nor the existence of affirmative defenses in that action deprive the defendant of an adequate remedy at law.

Although the Court does not doubt that defendant has suffered irreparable harm as a result of being deprived of these funds, its hands are tied in this matter because there is no

---

[5]*United States v. Copeman*, 458 F.3d 1070, 1071 (10th Cir. 2006); *Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999).

[6]*Copeman*, 458 F.3d at 1071 (quoting *Clymore*, 164 F.3d at 571).

[7]*Id.*

[8]According to representations made in Court, defendant chose to dismiss the action under the mistaken belief that this Court retained jurisdiction by virtue of the fact of federal prosecution.

4

federal possession of these funds, nor an inadequate remedy at law.  It is clear under the applicable authority that this Court lacks jurisdiction to lift the seize and hold order issued by state authorities; therefore, the Court denies defendant's motion for reconsideration.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion for Reconsideration of Defendant's Motion for an Order to Dissolve Seize and Hold Order (Doc. 28) is **denied**.

**IT IS SO ORDERED.**

Dated this 20th  day of December 2006, at Topeka, Kansas.

 S/ Julie A. Robinson

Julie A. Robinson
United States District Judge